UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-CV-20950-MGC

ICEL ROBERT VIANT, *and all others similarly situated under 29 U.S.C. § 216(b)*,

    Plaintiffs,

vs.

SOL EXPRESS, INC.,
ISMAEL CORZO, JR.,

    Defendants.
_____

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT**

  COMES NOW Plaintiff, ICEL ROBERT VIANT, by and through undersigned counsel and pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, for the entry of a judgment by default against the defendants ISMAEL CORZO, JR and SOL EXPRESS, INC. In support thereof Plaintiff relies upon the record in this case and the affidavit submitted herein and states as follows:

  1. The Clerk has entered Default as to both Defendants [DE 17].

  2. The complaint is comprised of two counts. The first count alleges federal overtime wage violation while the Second count raises allegations directed to federal minimum wages transgressions. Paragraphs 15 and 16 of the complaint allege the specific dates, hours and rate of pay that the plaintiff worked, and they allege that the plaintiff is therefore claiming the half time overtime rate for each hour worked above 40 in a week. [DE 1].

4. Plaintiff claims damages for unpaid minimum wages and overtime wages in the amount of $ 3,226.50 plus an equal amount as liquidated damages pursuant to 29 U.S.C. 216(b) for a total of $ 6,453.00 [Exhibit A].

5. Additionally, Plaintiff claims his reasonable attorney's fees and costs and asks the Court to retain jurisdiction in said determination of said fees and costs upon collection of the judgment.

6. Plaintiff further requests that upon collection of the judgment, Plaintiff's counsel should be entitled to additional fees to be determined by the Court.

## MEMORANDUM OF LAW AND ARGUMENT

**Defendants have failed to timely respond to the Complaint**

Fed. R Civ. P. 4(a) states that the summons must state the time within which the defendant must appear and defend, and notify the defendant that failure to do so will result in a judgment by default against the defendant for the relief demanded in the complaint. Defendants failed to respond pursuant to Fed. R Civ. P. 12(a)(1)(A). Accordingly, a clerk's default has already been entered pursuant to Fed. R Civ. P. 55 as to Defendants. [DE 17].

On a motion for default judgment under 55(b)(2) of the Federal Rules of Civil Procedure, the Court accepts as true the facts alleged in the complaint: "By defaulting, the [defendant is] deemed to have admit[ted] the plaintiff's well plead allegations of fact for purposes of liability. *Coton v. Televised Visual X-Ography, Inc*. 740 F.Supp. 2d 1299, 1307 (M.D. Fla. 2010). (quoting *Buchanan v. Bowman*, 820 F.2d 359. 361 (11th Cir. 1987). *Tyco Fire & Sec, LLC v. Alcocer*, 218 Fed. App'x 860, 863(11th Cir. 2007); *Shandong Airlines Co. v. CAPT, LLC*, 650 F. Supp. 2d 1202, 1206 (M.D. Fla. 2009) (citing *Buchanan*). If the admitted facts established the defaulting defendant's liability, the plaintiff is entitled to relief against that defendant. *See*

*Shandong Airlines*, 650 F. Supp. 2d at 1206; *United States v. Henley*, Civ. No. 8:10-2208-T-24-TGW, 2011 SL 1103894, at *2)  (M.D. Fla. Mar. 25, 2011)(citing *Tyco Fire*).  Pursuant to Fed. R. Civ. P. 54(c), the relief awarded "must not differ in kind from, or exceed in amount, what is demanded in the [complaint]." See *Rasmussen v. Cent. Fla. Council Boy Scouts of Am., Inc.*, No. 10-12238, 2011 WL 11680, at*2 (11th Cir. 2011);

   Plaintiff thus moves for default under 29 U.S.C. 216(b), regarding Defendants Sol Express, Inc. and Ismael Corzo, Jr.   Plaintiff's attached Affidavit is in compliance with the Service members Civil Relief Act and other relevant law.  Plaintiff is entitled to seek all fees and costs under the Fair Labor Standards Act as set forth above.

**<u>Entitlement to future fees in re: collection of default judgment</u>**

   In *DiFrancesco v. Home Furniture Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009), this Court found that attorney's fees related to collection on a final default judgment were available in FLSA cases. Stating;

> [i]n *Doden v. Plainfield Fire Protection Dist.,* 108 F. 3d 1379 (7th Cir. 1997), suggests that attorney's fees for post-judgment work may be available in FLSA cases. In *Doden,* the district court denied the plaintiff's request for attorneys fees in collecting a judgment finding that the plaintiff's efforts were unnecessary because the defendant was willing, ready and able to pay the judgment. 2008 U.S. Dist. LEXIS 72327, [WL] at * 2. The district court's reasoning for denying the fee request suggests that the district court may have awarded the fees had the plaintiff's attorney's efforts been necessary. On appeal, the Seventh Circuit affirmed the district court's decision noting that the record supported the district court's finding that the plaintiff's engaged in unnecessary efforts relating to the judgment. "This is a clear, concise, and reasonable explanation of why attorneys' fees were not awarded for these motions, and thus, the district court did not abuse its discretion in the denial of fees." 2008 U.S. Dist. LEXIS 72327, [WL] at *5.

This court in the *DiFrancesco* decision further stated:

> The courts have awarded post-judgment collection fees in cases involving other federal statutes. In *Free v. Briody,* 793 F. 2d 807 (7th Cir. 1986), the Seventh Circuit affirmed an award of attorney's fees for efforts made to collect a judgment arising out of a lawsuit brought under the Employee Retirement Income Security Act ("ERISA"). In affirming the fee award the circuit court noted that "[n]othing on the face of the statute, or in its history or purpose, suggests that the only legal efforts that can be compensated by an award of fees are those that precede the judgment, and not those incurred afterward to make the judgment a reality." *Id.* at 808. The circuit court further noted that "the entry of the judgment is not the end of the litigation . . . . It would make no more sense to deny attorney's fees for efforts to collect a judgment than it would to deny them for efforts to defend a judgment on appeal." *Id.* at 809.

Plaintiffs' attorneys will have to exert more time and effort in collection of the default judgment resulting from the underlying FLSA case and as a result should be awarded reasonable attorney's fees pursuant to this Court's decision in *DiFrancesco*.

Wherefore, Plaintiff requests that a Final Default Judgment be entered against Defendants JOINTLY AND SEVERALLY for a total of $6,543.00 and that the Court retain jurisdiction to determine reasonable fees and costs upon collection of the default judgment

Dated May 22, 2015.

__/s/Steven C. Fraser__
Steven C. Fraser, Esq.
Fla. Bar No. 625825
J.H. Zidell, P.A.
Attorney for Plaintiff
300 71st Street #605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865 – 7167
Email: steven.fraser.esq@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2015, I electronically filed the foregoing Motion for Default Final Judgment with the Clerk of Court using the CM/ECF. I also certify that the foregoing document is being served this day on all persons identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

    /s/Steven C. Fraser  
Steven C. Fraser, Esq.
Fla. Bar No. 625825
J.H. Zidell, P.A.
Attorney for Plaintiff
300 71st Street #605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865 – 7167
Email: steven.fraser.esq@gmail.com